IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MALLES,<br><br>    Plaintiff<br><br>    v.<br><br>PA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants | Case No. 1:22-cv-99 Erie<br><br>SUSAN PARADISE BAXTER<br>UNITED STATES DISTRICT JUDGE<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>REPORT AND RECOMMENDATION |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. Recommendation

It is hereby recommended that the motion for leave to proceed *in forma pauperis* [ECF No. 1] be granted.

It is further recommended that Plaintiff's deliberate indifference claim related to dangerous ice conditions be dismissed as untimely and for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e), but that Plaintiff be provided an opportunity to file an amended complaint regarding his claim for medical indifference based on the denial of physical therapy.

II. Report

    A. Plaintiff's motion for leave to proceed *in forma pauperis*

Plaintiff James Malles ("Plaintiff") initiated this *pro se* civil rights action by filing a motion for leave to proceed *in forma pauperis*. ECF No. 1. In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment and a review

1

of Plaintiff's institutional account statement, it appears that Plaintiff is without funds to pay the costs and fees of the proceedings. Accordingly, his motion for leave to proceed *in forma pauperis* should be granted.

    B. Assessment of Plaintiff's Complaint

        1. Standard of review

Having been granted leave to proceed *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[1] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

2. Factual background

In his complaint, Plaintiff, an inmate incarcerated at the State Correctional Institution at Albion (SCI-Albion), asserts that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution while walking to the prison's medical building on February 12, 2018. According to Plaintiff, he had to use a walkway to get to the medical building that "was full of black ice and snow," causing him to slip and fall. ECF No. 1-2 at 7. Plaintiff was taken by ambulance to a hospital and diagnosed with a broken leg. *Id*. at 6. His injury ultimately required two surgeries. *Id*. Invoking 42 U.S.C. § 1983, Plaintiff seeks monetary damages and an order directing SCI-Albion to better maintain the walkway. *Id*.

3. Deliberate indifference

Based on the factual allegations outlined above, Plaintiff appears to be primarily asserting a deliberate indifference claim based on prison officials' failure to keep the walkway free of snow and ice. That claim suffers from at least two critical deficiencies. First, it is plain from a review of his pleading that his claim is untimely. The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose, which in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); 42 Pa. Cons. Stat. § 5524(2). Where the viability of a statute of limitations defense can be clearly discerned from the complaint, the Third Circuit has indicated that summary dismissal pursuant to § 1915(e) is appropriate. *McPherson v. United States*, 392 Fed. Appx. 938, 943 (3d Cir. 2010) ("We agree that when a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915"); *Smith v. Delaware County Court*, 260 Fed. Appx. 454, 455 (3d Cir. 2008) ("[A]lthough the statute of limitations is an affirmative defense, a district

court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required."). Here, Plaintiff's pleading reveals that he sustained his injury on February 12, 2018, almost four years prior to the initiation of this lawsuit. Because Plaintiff did not file his claim within the two-year statutory limitations period, his claim must be dismissed.

Even if Plaintiff's claim was timely, it does not rise to the level of a constitutional violation. Construed liberally, Plaintiff appears to contend that prison officials were deliberately indifferent to the risk of harm presented by ice and snow on a prison walkway. To establish a violation based on this incident, Plaintiff must allege that Defendants had actual knowledge of "an excessive risk to inmate health or safety" and were deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Deliberate indifference is a subjective inquiry, while risk of harm is evaluated objectively. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003). In determining whether a prisoner has alleged a risk that is objectively serious, a court must consider not only the seriousness of the potential harm and the likelihood that the harm will occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

While Plaintiff's injury is unfortunate, courts have widely held that similar slip and fall cases "do not give rise to a substantial risk of serious harm[,] challenge the common standards of decency, [or] demonstrate deliberate indifference for purposes of asserting an Eighth Amendment violation." *Ashford v. Hawkinberry*, 2016 WL 3156483, at *4 (W.D. Pa. June 2, 2016). In *Ashford*, for example, the district court rejected an inmate-plaintiff's Eighth

Amendment claim that he was "forced . . . out on yard on a cold winter day and . . . fell on a patch of ice and injured his knee and back." *Id*. at *5. Relying on precedent from the Court of Appeals, the court held that such allegations "sound in negligence, which is not actionable under section 1983." *Id*. at *5 (dismissing claim that defendants were deliberately indifferent to inmate's safety by subjecting him to an icy yard where he slipped and fell). *See also Clayton v. Morgan*, 501 Fed. Appx. 174, 175-76 (3d Cir. 2012) ("Although black ice in the prison yard is less than desirable, [defendant's] decision to permit inmates to use the yard in spite of the presence of black ice falls short of the type of conduct that would constitute an Eighth Amendment violation."); *Brinkley v. Smeal*, 2010 WL 5391276, at *5 (M.D. Pa. Dec. 22, 2010) (dismissing plaintiff-inmate's Eighth Amendment claim with prejudice because "slipping and falling on ice fails to state an Eighth Amendment claim."). The Court should apply the same reasoning here.

In short, the allegations underlying Plaintiff's deliberate indifference claim are both time-barred and fail to support a constitutional violation. That claim should be dismissed, with prejudice, and leave to amend should be denied as futile.

4. Medical indifference

Although it is unclear, an extremely liberal reading of Plaintiff's complaint also suggests that he may be attempting to assert a claim for medical indifference. In the "injuries" section of his complaint, Plaintiff indicates that he was supposed to receive physical therapy following his surgery but never did. ECF No. 1-2 at 6. Because he has not provided any underlying details, the Court cannot determine if such a claim might be viable or when it might have accrued. Accordingly, it is recommended that Plaintiff be permitted an opportunity to amend his

complaint, if he wishes to do so, for the limited purpose of asserting a medical indifference claim based on the alleged denial of medically necessary physical therapy.

III.     Conclusion

For the foregoing reasons, it is respectfully recommended that that the motion for leave to proceed *in forma pauperis* [ECF No. 1] be granted.

It is further recommended that Plaintiff's deliberate indifference claim related to dangerous ice conditions be dismissed as untimely and for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e).  Moreover, because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional violation based on the facts alleged in the Complaint, it is recommended that leave to amend be denied as futile as to this claim.

To the extent Plaintiff wishes to assert a medical indifference claim based on the denial of medically necessary physical therapy, he should be instructed to file an amended complaint within a reasonable time following any order adopting this Report and Recommendation.

IV.     Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of

appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: July 20, 2022