## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES MALLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-99** |
| | ) | |
| **MICHAEL CLARK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM ORDER</u>

This *pro se* prisoner civil action was received by the Clerk of Court on March 22, 2022 and referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.  ECF No. 1.  Plaintiff, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), asserts claims under 42 U.S.C. §1983 against Superintendent Michael Clark and the Pennsylvania Department of Corrections based upon the alleged violation of his federal civil rights.

Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 1.  After reviewing that motion and screening the complaint in accordance with 28 U.S.C. §1915(e)(2) and §1915A, Judge Lanzillo issued a report and recommendation ("R&R") in which he recommends that the undersigned grant the IFP motion but dismiss the complaint, allowing Plaintiff to re-plead only his Eighth Amendment deliberate indifference claim based upon the alleged denial of physical therapy. ECF No. 5.  As for Plaintiff's other Eighth Amendment claim -- which is predicated on the theory that prison officials were deliberately indifferent when they failed to keep the prison walkway free of ice and snow,

resulting in Plaintiff's injury in from a slip and fall accident -- Judge Lanzillo concluded that this claim should be dismissed with prejudice because it is both untimely and irremediably deficient. More specifically, Judge Lanzillo noted that the alleged accident occurred on February 12, 2018, more than four years prior to the commencement of this lawsuit; thus, Plaintiff's claims were asserted well outside the applicable statute of limitations period.  *See* ECF No. 5 at 3-4. Moreover, Judge Lanzillo opined that Plaintiff's allegations did not establish deliberate indifference on the part of any prison official; rather, he construed Plaintiff's claim as sounding in negligence, which is not actionable under §1983.  *See id*. at 4-5.

Objections to the R&R were due on or before August 8, 2022.  To date, no objections have been filed.

After careful review, this Court agrees with Judge Lanzillo that Plaintiff's IFP motion should be granted and his claims, as pled, should be dismissed.  With respect to Plaintiff's Eighth Amendment claim based upon the failure of prison officials to keep the prison walkway free of snow and ice, the undersigned is in full agreement with Judge Lanzillo that Plaintiff's claim is facially barred by the applicable statute of limitations and also fails to establish the requisite deliberate indifference.  The undersigned further notes that, even if Plaintiff attempted to replead this cause of action as an ordinary negligence claim, it would still be time-barred under the same two-year statute of limitations.  *See* 42 Pa. C.S.A. §5524(2).  Accordingly, Plaintiff's claim arising out of his February 12, 2018 slip and fall will be dismissed with prejudice.

To the extent Plaintiff is attempting to plead a second Eighth Amendment claim based upon the alleged denial of medically necessary physical therapy, this claim will be dismissed without prejudice to be reasserted in an amended complaint.  Based on the content of the original complaint, the Court cannot tell whether Plaintiff is actually asserting this type of claim, whether

such a claim would be time-barred, and/or whether the underlying facts might establish a plausible Eighth Amendment violation.  Accordingly, the Court will grant Plaintiff leave to amend this claim.

Two other observations are in order, however.  First, no claim can proceed against the Pennsylvania Department of Corrections, as that entity is not considered a "person" subject to liability under Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).  As an "arm" of the Commonwealth, the Department of Corrections is also immune from suit in federal court under the Eleventh Amendment.  *See Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion,* 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").[1]  Accordingly, Plaintiff's claims against the Department of Corrections are dismissed without leave to be reasserted.

Second, in order to hold any prison official personally liable under 42 U.S.C. §1983, Plaintiff must state facts showing that official's personal involvement in the alleged wrongdoing. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987).  When the defendant is an official with supervisory authority, one of two theories may pertain:  (1) "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, with deliberate

---

[1] Eleventh Amendment immunity also extends to state officers who are sued in their official capacities for monetary damages.  *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity.").

indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and (2) "[A] supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (first alteration in the original; internal quotation marks and citation omitted).  As currently pled, Plaintiff's claims fail to establish Warden Clark's personal involvement in any alleged wrongdoing; however, the Court cannot presently determine whether further amendment in that regard would be futile.  Therefore the claims against Warden Clark will be dismissed without prejudice.

Accordingly, after *de novo* review of the Complaint, the Magistrate Judge's Report and Recommendation, and all other relevant filings in this case, the following Order is entered:

NOW, this 25th day of August, 2022,

IT IS ORDERED that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [1], shall be, and hereby is, GRANTED.  Accordingly, the Clerk is directed to file Plaintiff's complaint at a separate docket number.

IT IS FURTHER ORDERED that the Complaint in this case shall be, and hereby is, DISMISSED based upon Plaintiff's failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's claims arising out of his slip and fall on February 12, 2018 are DISMISSED WITH PREJUDICE and without leave to amend, as further amendment would be futile.

IT IS FURTHER ORDERED that Plaintiff's claims against the Department of Corrections are DISMISSED without leave to amend, as further amendment would be futile.

4

IT IS FURTHER ORDERED that, to the extent Plaintiff is attempting to state a claim against Warden Michael Clark or other individual defendants arising out of the denial of medically necessary physical therapy, those claims are dismissed WITHOUT PREJUDICE and with leave to be reasserted in an amended complaint **on or before September 16, 2022.  In the event Plaintiff fails to amend his complaint by the foregoing date, the Court's dismissal will be converted to a dismissal WITH PREJUDICE, and the case will be marked "closed," without further notice.**

Finally, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo dated July 20, 2022, ECF No. [5], as modified herein, is adopted as the opinion of this Court.

SUSAN PARADISE BAXTER
United States District Judge

cm:   James Malles
        GW3007
        SCI-Albion
        10745 Route 18
        Albion, PA  16475-0001
        (via U.S. Mail)

        The Honorable Richard A. Lanzillo (via CM/ECF)

5